**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JANE MCSPIRIT, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**COVENTBRIDGE (USA) INC.,**<br><br>**Defendant.** | **No: 20 Civ. 5754**<br><br>**CLASS ACTION COMPLAINT** |

Jane McSpirit ("Plaintiff" or "McSpirit"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover overtime compensation, agreed upon wages, and other damages for Plaintiff and surveillance investigators, claims investigators, and similarly situated investigators (collectively, "Investigators") who work or have worked for CoventBridge (USA) Inc. ("CoventBridge" or "Defendants") nationwide.

2.      Owned and operated by Defendant, CoventBridge is the largest worldwide investigative solutions company. CoventBridge is backed by the London based Harwood Capital LLP, part of the Harwood Capital Management Group, with £973 million funds under management as of Dec. 31, 2015. The Company employees over 700 Investigators around the United States.

3.      At all relevant times, Defendant has compensated Plaintiff and all other

Investigators on an hourly basis.

4.     Defendant failed to pay Plaintiff and other Investigators for all hours worked.

5.     Despite being non-exempt employees, Defendant has failed to properly pay Plaintiff and other Investigators overtime compensation at 1.5 times their regular rate of pay when they work over 40 hours per week.

6.     In this regard, Defendant has a "Billing Efficiency" policy that applies to all Investigators at CoventBridge, including Plaintiff.

7.     Under this policy, Investigators' report time and travel time is auto-populated by Defendant's time keeping system based on formulas designed to grossly underreport the amount of hours actually spent on report and travel time.

8.      Specifically, Plaintiff and Investigators were paid only for two minutes of report time for every hour spent performing surveillance work, regardless of the actual amount of time spent reporting.

9.     Defendant applied a similar policy to travel time. Defendant, via their offer letter, agreed to compensate Plaintiff and Investigators for travel time, after the first 30 minutes each way. However, Defendant auto-populates Investigators' travel time to and from work assignments. The autogenerated calculation by Defendant's payroll system based on the mileage and/or GPS route, at approximately one minute per mile, regardless of the actual amount of travel performed by Investigators.

10.     Moreover, CoventBridge dissuaded Plaintiff and Investigators from reporting their actual report and travel time. If Plaintiff or Investigators input their actual time, Defendant would reduce the hourly rate paid to Investigators for surveillance work – based a formula set by Defendant.

11.     This "Billing Efficiency" policy was eliminated sometime after Plaintiff notified Defendant of the claims alleged herein.

12.     At all relevant times, Defendant has compensated Plaintiff and all other Investigators in New York on a bi-weekly basis.

13.     Despite being manual workers, Defendant has failed to properly pay Plaintiff and other Investigators in New York their wages within seven calendar days after the end of the week in which these wages were earned.

14.     In this regard, Defendant has failed to provide timely wages under the NYLL to Plaintiff and all other similar Investigators in New York.

15.     Plaintiff brings this action on behalf of herself and all similarly situated current and former Investigators in New York who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

16.     Plaintiff also brings this action on behalf of herself and all other similarly situated Investigators in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), to remedy violations of the NYLL, and the supporting New York State Department of Labor Regulations.

17.     The Parties executed a tolling agreement dated September 19, 2019, under which no statute of limitation on claims under the FLSA or the NYLL would run against Plaintiff or Potential Plaintiffs from September 15, 2013 to June 29, 2020.

## THE PARTIES

**Plaintiff**

**Jane McSpirit**

18.     Jane McSpirit ("McSpirit") is an adult individual who is a resident of the State of New York.

19.     McSpirit was employed by CoventBridge as an Investigator from on or about February 2017 until in or around 2019.

20.     McSpirit is a covered employee within the meaning of the FLSA and the NYLL.

21.     A written consent form for McSpirit is being filed with this Class Action Complaint.

**Defendants**

**CoventBridge (USA) Inc.**

22.     CoventBridge (USA) Inc. is a domestic business corporation organized and existing under the laws of Delaware.

23.     Defendant maintains its headquarters in Jacksonville, Florida.

24.     CoventBridge (USA) Inc. was and is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed Plaintiff and similarly-situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

25.     CoventBridge (USA) Inc. has maintained control, oversight, and direction over Plaintiff and similarly-situated employees nationwide, including timekeeping, payroll, and other employment practices that applied to them.

26.     CoventBridge (USA) Inc. applies the same employment policies, practices, and procedures to all Investigators in its operation, including policies, practices, and procedures with

4

respect to payment of wages and overtime compensation.

27.     Defendant was, at all times relevant, an "employer" as defined by the FLSA and the NYLL. Defendant regularly employs individuals in New York and other states, including Plaintiffs, in the performance of work on behalf of Defendant and is subject to the provisions of the FLSA and the NYLL.

28.     Upon information and belief, at all relevant times, CoventBridge (USA) Inc. has had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

29.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

30.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

31.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendants conduct business in this District.

## COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of herself and all similarly-situated persons who work or have worked as Investigators for CoventBridge who elect to opt-in to this action (the "FLSA Collective").

33.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

34.     Consistent with Defendant's policies and patterns or practices, Plaintiff and the FLSA Collective were not paid the proper premium overtime compensation of 1.5 times their

regular rates of pay for all hours worked beyond 40 per workweek.

35.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

36.     As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to, willfully failing to pay their employees, including Plaintiff and the FLSA Collective, any overtime wages for all hours worked in excess of 40 hours per workweek.

### NEW YORK CLASS ACTION ALLEGATIONS

37.     Plaintiff brings the Second, Third, Fourth, Fifth, and Sixth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Investigators for CoventBridge (USA) Inc. in New York between September 15, 2013 and the date of final judgment in this matter (the "New York Class").

38.     The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

39.     There are more than fifty members of the New York Class.

40.     Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

41.     Plaintiff and the New York Class have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and

patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

42.     Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

43.     Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiff and classes in wage and hour cases.

44.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

45.     Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> (a) Whether Defendants correctly compensated Plaintiff and the New York Class for all hours worked up to and including 40 per workweek as agreed upon;
>
> (b) whether Defendants correctly compensated Plaintiff and the New York Class for hours worked in excess of 40 per workweek;
>
> (c) whether Defendants compensated Plaintiff and the New York Class on a timely basis;

(d) whether Defendant failed to furnish Plaintiff and the New York Class with proper annual wage notices, as required by the NYLL; and

(e) whether Defendant failed to furnish Plaintiff and the New York Class with accurate statements with every payment of wages, as required by the NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

46.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Jane McSpirit**

47.     McSpirit was employed by Defendant as an Investigator from on or about February 2017 until in or around 2019.

48.     During her employment, McSpirit worked for Defendants in Rockland, Putnam, Dutchess, Sullivan, Orange, and Ulster counties in New York, and also performed work for Defendants in Massachusetts and Connecticut.

49.     During her employment, Defendant failed to pay McSpirit for all hours worked.

50.     McSpirit frequently worked over 40 hours per week for Defendant.

51.     As discussed above, Defendant has a "Billing Efficiency" policy that applies to all Investigators at CoventBridge, including McSpirit.

52.     Under this policy, McSpirit's report time and travel time is auto-populated by Defendant's time keeping system based on formulas designed to grossly underreport the amount of hours actually spent on report and travel time.

53.     Specifically, McSpirit paid only for two minutes of report time for every hour spent performing surveillance work, regardless of the actual amount of time spent reporting.

54.     Defendant applied a similar policy to travel time. Defendant, via their offer letter,

agreed to compensate McSpirit for travel time, after the first 30 minutes each way. However, Defendant auto-populated McSpirit's travel time to and from work assignments. The autogenerated calculation by Defendant's payroll system based on the mileage and/or GPS route, at approximately one minute per mile, regardless of the actual amount of travel performed by Investigators.

55.     Moreover, if McSpirit input her actual travel or report time, Defendant would reduce her hourly rate for surveillance work – based a formula set by Defendant. In this regard, McSpirit was specifically told by her supervisor, upon asking why her hourly rate was reduced, that this was because she changed her travel and report times.

56.     This "Billing Efficiency" policy was eliminated sometime after Plaintiff notified Defendant of the claims alleged herein.

57.     During her employment as an Investigator for Defendant, McSpirit was required to follow individuals by foot and by car while recording with a video camera in hand, and also walk to neighbors' homes on foot to question them regarding aspects of a case. While in the car, Investigators often have to climb to and from the front and back seats of the car.

58.     Despite regularly spending more than 25% of her time working for Defendant performing these physical tasks, Defendant compensated McSpirit on a bi-weekly basis.

59.     For example, for the week beginning on March 4, 2018 and ending March 17, 2018, McSpirit was paid her lawfully earned wages on March 23, 2018. *See* **Exhibit A**, Paystub.

60.     However, Defendant failed to pay McSpirit her wages earned from March 4, 2018 through March 10, 2018 by March 17, 2018, as required by NYLL § 191(1)(a).

61.     Throughout her employment, Defendant failed to provide McSpirit with accurate wage statements with each payment of wages as required by the NYLL.

62.     Defendant failed to provide McSpirit with a proper annual wage notice as required by the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

63.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of FLSA Collective.

65.     Plaintiff and the FLSA Collective worked in excess of 40 hours during workweeks in the relevant period.

66.     Defendant failed to pay Plaintiff and the FLSA Collective the premium overtime wages to which they were entitled under the FLSA – at a rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 per workweek.

67.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiff and the New York Class)

68.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69.     The overtime wage provisions of Article 19 of the NYLL and its supporting

10

regulations apply to Defendant and protect Plaintiff and the New York Class.

70.    Defendant failed to pay Plaintiff and the New York Class the premium overtime wages to which they were entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

71.    Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Agreed Upon Wages**
**(Brought on behalf of Plaintiff and the New York Class)**

72.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73.    Pursuant to NYLL, Article 6 § 191(1)(d), Defendant has been required to pay Plaintiff and the New York Class the wages they have earned in accordance with the agreed terms of their employment.

74.    Defendant has failed to pay Plaintiff and the New York Class the earned wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations, pursuant to the agreed-upon terms of Plaintiff's employment.

75.    As a result of the common policies described above Defendant has violated the agreed upon wage provisions of the NYLL with respect to Plaintiff and the New York Class by: failing to compensate Plaintiff and the New York Class for all hours worked up to and including 40 at their agreed upon rate of pay.

76.     Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant their agreed wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the New York Class**

77.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

78.     The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

79.     Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a).

80.     Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

**FIFTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**
**(Brought on behalf of Plaintiff and the New York Class)**

81.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

82.     Defendant has failed to supply Plaintiff and the New York Class with a proper time of hire annual wage notice, as required by NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, at the time of hiring, containing, among other items: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece,

commission, or other; allowances, if any, claimed as part of the minimum wage; the regular pay

day designated by the employer in accordance with section one hundred ninety-one of this article;

overtime rate; the name of the employer; any "doing business as" names used by the employer;

the physical address of the employer's main office or principal place of business, and a mailing

address if different; the telephone number of the employer; plus such other information as the

commissioner deems material and necessary.

83.    Due to Defendant's violations of NYLL, Article 6, § 195(1), Plaintiff and the New

York Class are entitled to statutory penalties of fifty dollars for each workday that Defendant failed

to provide them with wage notices, or a total of five thousand dollars each, as well as reasonable

attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-b).

**SIXTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the New York Class)**

84.    Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

85.    Defendant failed to supply Plaintiff and the New York Class with an accurate

statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing:

dates of work covered by that payment of wages; name of employee; name of employer; address

and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour,

shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any,

claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay

if applicable; the number of hours worked, including overtime hours worked if applicable;

deductions; and net wages.

86.    Due to Defendant's violations of NYLL, Article 6, § 195(3), Plaintiff and the New York

13

Class are entitled to statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide them with accurate wage statements, or a total of five thousand dollars each, as well as reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Investigators who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for CoventBridge.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.     Designation of Plaintiff as representative of the New York Class and counsel of record as Class Counsel;

E.     Unpaid overtime wages, agreed upon wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.     Statutory penalties of fifty dollars for each workday that Defendant failed to provide Plaintiff and the New York Class with proper annual wage notices, or a total of five thousand dollars

14

each, as provided for by NYLL, Article 6 § 198;

      G.    Statutory penalties of two hundred fifty dollars for each workday that Defendant failed to provide Plaintiff and the New York Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

      H.    Prejudgment and post-judgment interest;

      I.    Reasonable attorneys' fees and costs of the action; and

      J.    Such other relief as this Court shall deem just and proper.


Dated: New York, New York
       July 24, 2019


Respectfully submitted,


/s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Dana M. Cimera
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and*
*the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against Coventbridge and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

*Jane Mcspirit*
Jane Mcspirit (Jun 4, 2019)
_____
Signature

# Jane Mcspirit
_____
Full Legal Name (Print)